### D. W. PHILLIPS *v.* A. K. YOUNG, ET AL.

**Homestead—Husband and Wife.**

> The statute requires the court to set apart the homestead to the husband, and not to the wife. The husband does not forfeit his right by surrendering possession in obedience to an erroneous judgment which was afterwards reversed.

APPEAL FROM MARION CIRCUIT COURT.

October 24, 1877.

OPINION BY JUDGE LINDSAY:

The mandate of this court required the court below to set apart to appellee, Young, $1,000 out of the proceeds of the sale of the mortgaged property, in lieu of his homestead exemption. He did not forfeit his right to this money by surrendering possession under and in obedience to the erroneous judgment which was afterward reversed. The contingent right which Mrs. Young has to be endowed out of

the estate of her husband can cut no figure in this case. She is not claiming the benefit of the homestead exemption. She can have no such claim so long as her husband is living.

The statute requires the court to set apart the homestead to the defendant, not to his wife, and it is only where the surviving widow claims and receives the benefit of the homestead under Sec. 13, Art. 13, Chap. 38, Gen. Stat., that its value is to be estimated in the allotment of dower. It would be premature to undertake now to settle the possible rights of Mrs. Young to be endowed out of this property, and no expression of opinion by the court, as to what her contingent future right may be, can bind or in any way prejudice her.

The action of the court below in regard to the rights of the defendant, Young, conforms strictly with both the letter and the spirit of the statute, and the judgment appealed from must be *affirmed*.

*Russell & Arritt, for appellant.   R. H. Rountree, for appellees.*